NOT FOR PUBLICATION

                                        UNITED STATES DISTRICT COURT
                                          DISTRICT OF NEW JERSEY


SANTIAGO GIRALDO,                 :

            Petitioner,           :
                                        Civil Action No. 04-709(JWB)
      v.                          :        (Criminal No. 99-228)

UNITED STATES OF AMERICA,         :
                                               **O P I N I O N**
            Respondent.           :


**APPEARANCES**:

      SANTIAGO GIRALDO, pro se
      Reg. No. 22389-050
      FCI Elkton
      Unit Echo-Bravo
      P.O. Box 10
      Lisbon, Ohio  44432

      CHRISTOPHER J. CHRISTIE
      United States Attorney
      By:  Eric H. Jaso
           Assistant United States Attorney
      Federal Building
      970 Broad Street
      Newark, New Jersey  07102
      (Attorney for Respondent)

**BISSELL**, Chief Judge

     This matter comes before the Court on a motion filed by Petitioner Santiago Giraldo pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence as a result of ineffective assistance of counsel.  The petition alleges that Giraldo's attorney, James C. Patton, Esq., (1) did not properly

advise Petitioner about a proposed plea agreement offered by the United States prior to trial and (2) failed to perform effectively at trial.

## PROCEDURAL HISTORY

On or about May 3, 1999 a single count indictment charged Antonio Luzardo and Petitioner Santiago Giraldo with conspiring to distribute and possessing with the intent to distribute in excess of 100 grams of heroin in violation of 21 U.S.C. § 846. At the preliminary hearing on said charges, Petitioner was represented by Kevin Carlucci from the Federal Public Defenders Office.  On or about June 18, 1999, Petitioner's sister hired James C. Patton, Esq. to represent Petitioner, and three days later Mr. Patton replaced Mr. Carlucci as Giraldo's counsel.  See Pet. Br. at 1;  see also Aff. of Graciela Giraldo, Attached to Appendix, Ex. D.  On June 22, 1999 trial commenced in the United State District Court for the District of New Jersey before the Hon. Alfred J. Lechner, Jr., continuing through June 24, 1999 when a jury convicted both Petitioner and co-defendant Luzardo. Petitioner was sentenced by Judge Lechner on June 1, 2000 to 170 months incarceration and five years supervised release.  A fine $5,000 was also imposed.  Petitioner timely appealed his sentence and, on July 23, 2001, the Third Circuit remanded the case for re-sentencing.  See United States v. Giraldo, 52 Fed. Appx. 584, 2002 WL 31667847 (3d Cir. Nov. 22, 2002).  On remand, undersigned

-2-

re-sentenced Petitioner to 126 months incarceration.  See Transcript of January 14, 2002 Proceedings, at 39.  Petitioner once again appealed his sentence, and on December 18, 2002, the Third Circuit affirmed the sentence imposed.  On February 25, 2003, Giraldo filed a Petition for a Writ of Certiorari to the United States Supreme Court which that Court denied on June 27, 2003.  The instant petition was filed on February 17, 2004.

## DISCUSSION

### I. Ineffective Assistance of Counsel

The Sixth Amendment guarantees the accused in all criminal prosecutions "the Assistance of Counsel for his defense."  U.S. Const. amend. VI.  The "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 684 (1984).

Petitioner's claim that defense counsel's assistance was so defective as to require a reversal of his conviction must meet two components.  Strickland, 466 U.S. at 687.  First, petitioner must show that counsel's performance was deficient, that is that the errors made by counsel were so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Id.  Second, petitioner must show that the deficient performance prejudiced his defense.  Id. at 694.  This requires showing that

-3-

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id.

Judicial scrutiny of counsel's performance is highly deferential and counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  Id. at 689-90.  The Court, in deciding an ineffective assistance of counsel claim, must judge the reasonableness of counsel's challenged conduct on the facts of the particular case viewed at the time of counsel's conduct and decide whether, in light of all the circumstances, the challenged conduct is outside the wide range of professionally competent assistance.  Id. at 690.

***Mr. Patton's Interaction with the Court During Trial***

Petitioner cites numerous examples of disagreements which occurred during trial between Mr. Patton and Judge Lechner.  The examples range from Judge Lechner admonishing Mr. Patton for calling him "Sir," to the Judge overruling his objections.  The examples do not reflect, as Petitioner suggests, the legal incompetence or ineffective assistance of counsel.  After reading the trial transcript in its entirety, it is clear that Judge Lechner's tone and demeanor were consistent throughout the trial. He periodically scolded both defense attorneys as well as the Assistant United States Attorneys representing the government.

Also evident from the trial transcript is the zealous advocacy which Mr. Patton displayed on behalf of Petitioner.  He throughly cross-examined the Government's witnesses and consistently objected to testimony and the proffer of evidence which were adverse to his client's interests.  The Court does not find counsel's trial performance to be so deficient as to deprive petitioner of the counsel guaranteed to him by the Constitution and finds that counsel's actions were reasonable when viewed within the context of this litigation.  As a result, petitioner is not entitled to habeas relief on this claim.

***The Proposed Plea Agreement***

Petitioner further alleges that his attorney was ineffective because he failed to discuss the proposed plea agreement with Petitioner and failed to draft a timely plea memo for the Court at the close of trial.  Petitioner claims that on May 26, 1999, he and his attorney at the time, Federal Public Defender Kevin Carlucci, met with an Assistant United States Attorney to discuss a potential plea agreement.  Petitioner claims that the Plea Agreement stipulated the following:

> The United States and Santiago Giraldo, a/k/a "Diego" agree to stipulate at sentencing to the statements set forth below, subject to the conditions in the attached plea agreement.
>
> 1.  The applicable guideline is § 2D1.1
>
> 2.  The controlled substance and amount involved in the instant conspiracy are as

-5-

> follows: at least 100 grams but not more than 400 grams of heroin.
>
> 3.  As of the date of this agreement, Santi[a]go Giraldo, a/k/a "Diego" has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged under 21 U.S.C. § 846.  This results in a decrease of 2 levels, pursuant to U.S.C. G. § 3E.1.1(a), if Santiago Giraldo a/k/a "Diego"'s acceptance of responsibility continues through the date of sentencing.
>
> 4.  As of the date of this agreement, Santi[a]go Giraldo, a/k/a "Diego" has timely notified authorities of an intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.  If the offense level is 16 or greater, this results in an additional decrease of 1 level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Santiago Giraldo, a/k/a "Diego" indicated an intention not to enter a plea of guilty, thereby forcing the government to prepare for trial.
>
> 5.  The parties have not reached an agreement on any other issues relating to sentencing.  Each party reserves the right to litigate any issue relating to sentencing at the sentencing hearing.

See Pet. Br. at 12-13.  Shortly after this meeting, Petitioner hired Mr. Patton to replace Mr. Carlucci.  Petitioner claims that Mr. Patton advised Petitioner to reject the plea bargain, "because of his belief that Petitioner was not guilty and that the charge would be [dismissed].  Attorney described to Petitioner that this was [entrapment], and counsel reached the decision to reject the offer."  Pet. Br. at 13.  Petitioner also alleges that he informed Mr. Patton that he would accept any

decision which he made.  Id. at 13-14.  Petitioner claims that when Mr. Patton visited him at the county jail on June 19th and 20th, Mr. Patton informed Petitioner that the minimum incarceration period Petitioner was facing was five years and that this would remain the same even if Petitioner decided not to have his case tried.  Id. at 14.  According to Petitioner, on the first day of trial, he did not have time to speak with Mr. Patton; however, that evening Petitioner called his sister, Graciela, and spoke with her about pleading guilty.  Petitioner claims that his sister "told Petitioner that Attorney Mr. Patton had just called her and told her to tell Petitioner that Attorney Patton [wants] [] Petitioner [to] plead guilty.  Petitioner told her that she [must] call Attorney Patton early the next morning and give Attorney Patton Petitioner's decision to plead guilty."  Pet. Br. at 14.  Petitioner also alleges that he never discussed the government's plea offer with Mr. Patton, nor was he aware whether the government's offer was in writing.  Such allegations are contradicted by Petitioner's other allegations and by the affidavits of Petitioner and his sister Graciela Giraldo.  Pet. Br. at 14.  In her affidavit, Graciela Giraldo states the following:

> On June 22, 1999, Attorney James C. Patton call[ed] me at my home and told me that after he has review[ed] the case and the trial has began he wish[ed] that Santiago plea[d] guilty, I told Attorney Patton that I will spoke with Santiago at night and give him the

> m[e]ssage.  The same day at approximately at
> 8 p.m. Santiago call[ed] and I gave him the
> m[e]ssage from Attorney Patton.  My brother
> told me that h[e] would plea[d] guilty,
> because there was some phone call that he -
> Santiago - has made that compromise[s] him in
> this case.

Aff. of Graciela Giraldo, Attached to Appendix, Ex. D.

The contradictory allegations made by Petitioner are insufficient to support his claim of ineffective assistance of counsel.  Although Petitioner states both in his brief and in his affidavit that he was willing to plead guilty and that Mr. Patton was aware of this decision, Petitioner in fact did not plead guilty.  The trial record reflects a two hour recess taken by Judge Lechner on the morning of June 24, 1999.  Although it is not entirely clear from the record, this recess was presumably an attempt to effectuate a plea bargain between the government and both defendants.  However, after the two hour recess, Mr. Wolin, co-defendant Luzardo's attorney, stated the following: "There is no plea, your Honor, we're ready to go."  See Trial Transcript, at 445, 23-24.  Mr. Patton then stated "As are we."  Id. at 25.  At approximately 3:40 p.m. on June 24th, Mr. Patton informed the Court that Petitioner wished to plead guilty; however, Judge Lechner refused to accept the guilty plea because even though a form for an Application for Permission to Enter a Plea of Guilty (Rule 11 form) had been completed, a plea memo outlining the guidelines and the potential penalties had not been drafted.  See

Trial Transcript at 558-563.  Approximately five to ten minutes after this exchange the jury returned with a verdict.  <u>See</u> Trial Transcript at 563.

In order to demonstrate the deficiency of counsel's performance, a defendant must establish that "counsel's representation fell below an objective standard of reasonableness."  <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The Supreme Court further stated:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.  A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.  In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case.  At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions of reasonable professional judgment.

<u>Strickland</u>, at 690.

Although a defense attorney's failure to notify his client of a plea offer satisfies the first prong of the <u>Strickland</u> test, there is no solid evidence to support the allegation that Mr.

-9-

Patton acted in this manner. Although in his affidavit Petitioner states that Mr. Patton never spoke to Petitioner about the plea negotiation or pending offer, he argues in his brief that Mr. Patton advised him to reject the offer and advocated the pursuit of an entrapment defense. Pet. Br. at 13. Petitioner's contradictory allegations are unsupported by the evidence in the trial record and are insufficient to sustain a claim for ineffective assistance of counsel. Attorney Patton adequately and competently represented Petitioner throughout the duration of the trial. Mr. Patton's conduct when faced with an eleventh hour plea request at the close of trial, was reasonable. Accordingly, Petitioner is not entitled to habeas relief on this claim.

## CONCLUSION

For the reasons state above, Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is denied.

/s/     John W. Bissell
JOHN W. BISSELL
Chief Judge
United States District Court

DATED:  August 11, 2005